You may proceed for the appellant. Charles N.S. on behalf of the appellants John and Brianne Biedka here today to present an appeal to the school of their underlying faith of CPAs to get here to file a tribal brief and exhibit of this kind. I'm not happy. I'm on the attorney that these errors, I'm not happy that it happened, that you take on this kind of behavior as we may in daily practice know as to serve all these needs. Mr. Biedka, I'm sorry to interject so soon into your presentation, but to get on a point that has interested me to some extent, were you entirely at fault? Were the Biedkas, the debtors, the appellants here, partially at fault? Who is to blame for the failure to file a brief with this list of the exhibits? One hundred percent. And I ask because that is one of the factors, of course, that we should circumvent the plot. So please do not think that I am in any way trying to disparage you, simply trying to understand what happened. We are in the record, is it? Are you finding from the court that it was you and not the debtors, the Biedkas? There's no, there's not in the record. The court said that it might have been the attorney, so the plot said file the exhibits within this list. The clients earlier participated in those. Thank you. Okay. So, I'll just make my, all of my points that I outlined in the reply brief, but I'm not naive here. I think it's down to the judges here. I'm naive. I've been practicing law for 35 years. I believe this is a young judge who wanted to make her mark, let everyone know she was in charge of the courtroom. It may be a necessary basis for why she stated that she was doing this, but she wanted to disperse similar litigants from such misconduct in the future. I call it misconduct. You can miss a deadline, you can ask for a brief. We actually filed the brief. We actually filed the witnesses of this. But did you have to file the brief, counsel? Have the United States trustee not filed a second motion to dispense with the value of time to file a brief? No. I did not have to. And why? Because I didn't think it was necessary. Not stating that it was inschedulable? My practice for 35 years, I've never had to file a brief with an option. So, I was planning to see it in my ear. It implies that the U.S. trustee was so upset about it that she did file it. And so, are you saying that the judge is actually wrong in her written decision where she signs to, I believe, six other cases where you were required to file a brief, not stating that in your intervention, you indicated that this was the first such case? I think it's factually inaccurate, Your Honor. The actuality is that while the seemingly exact scheduling order was put behind, she never got close to that injury. So, I never actually got to the injury. I hope that isn't true. Not as bad as the previous individuals. And again, I would have acted the same way. Now, as soon as I did file a brief, and it was filed before the hearing, time for the U.S. trustee to review it, the court to review it, which she clearly did, as well as my motion to increase the spot in time for the U.S. trustee to review it. Well, let me file it at 8 o'clock at night. Well, it was. It was. And the judge did review it. Okay. Sorry. How long was your brief? How long? What kind of case was that? Go ahead. So, what you're saying is that the judge and the U.S. trustee had sufficient time in 12-ish hours to consume your brief and understand it. That seems like due process to you. In this case, for what the brief was worth, yes. I'm struggling with that. I actually struggled with that in your briefing. What do you mean for what the brief was worth? I mean, this concept confuses me because the only way that the court can understand what's before it is motions and briefs. Otherwise, we have only argument, which asks us to have a contemporaneous understanding of the condition. So, I fail to see how the judge, this judge, the three up here, any of the rest of our We had already had a motion to cut this and sell that out. It was a motion to dismiss 727 based on the ability of the debtors to repay as an action issue before the court had a lifetime issue. The case law that the U.S. trustee cited was the same case law I cited. I've needed 10 or 12 of these hearings. They're not an option. It's not something out of the picture. And you said it's a factual thing, right? The facts were what we had to testify to. That's why we had to have that hearing. So, wouldn't detailing the facts, which are the only neat part of it, isn't that fundamentally very important in terms of preparation for trial? It is when facts are actually stated by the litigants, but me telling the court what the facts are doesn't help testify. I've never judged or relied on briefs for factual issues, and it wouldn't fund the briefs. The only thing I said that the judge replied about briefs was that the brief is broken, right? You're telling us what you believe to be the facts. Hopefully you'll get enough and we'll get to support that. But they're giving us a roadmap to what we should be doing. Without that roadmap, your clients might start testifying. I mean, Boston needs it. How will they testify? I mean, if they're reflective, they should. Well, with that said, the more important issue is whether 741B is applicable to this case. Before we get there, can we take a step back and talk about the denial of the rescheduled brief? Did you read the scheduled brief? After I received it. The reality is, I don't remember what I did, but I do know that I did see bleed. I did recognize the fact that I made an error. I missed a deadline. As I've done in cases where we miss deadlines, or in Chapter 13 cases, a file won't confirm me. I explain why I am. Usually I said something didn't occur. It was inferred. I didn't mean to do it. I didn't mean it. A trial brief is necessary. I acknowledge that. Maybe I'm wrong, and perhaps it's my fault that I didn't prepare that. It's a positive thing. I have respect for her. Her parents have been with her for many years. To say you want to file a trial brief, you can't. You have a new judge who issues a scheduling order, and you don't read the scheduling order and see if it has something to do with the new judge. Did I say that correctly? For sure. Let's talk about what the standard is. You argued in the verdicts, a mistake. What is the standard? What was her standard? She didn't apply a standard. What standard did you want? Excuse me? Where? Is that in any page or paragraph? The word is excusable and neglect are not in there. Do they have to be in there? What rule did you cite that indicates that that is the standard? Excuse me? 60. No. First of all, that's not the rule that's applicable. Did it read my option? Can you read the option? Yes. Although it doesn't say anything, I just want to collect. When it cites the word, when it cites the rule 6B, that is not the appropriate rule. When we look at Rule 9014, 9006, excuse me, when we look in particular at B of 9006, B1B says, on motion made after the specified period expires, the failure to act within that period will result in an excusable neglect. You didn't cite that rule, correct? Yes, I did. I had it. So 9006. The Federal Rules of Procedure 90062 are the same as the Federal Rules of Procedure 90062. This is? It is. Second Federal Rules of Procedure 90062, which is half, fall in. It is the same. Thank you. The emergency rules recite most of the Federal data. That's data from NARA. So, I'm bouncing.  541B is not the right rule. It doesn't apply in any situation. It applies to every situation. There are many different cases. Every case cited by the United States Trustee has a positive opposition to it. The analogous, again, I think, but didn't know anything. Very unclear. It doesn't come anywhere near close to the standards of the Sixth Circuit. That's consistently held for dismissal. 541B, too, being applied. I can't agree with you then. That's a hard decision. Well, under the abuse of discretion, in that case, absent of showing a clear record of the labor, tenacious conduct by the defendant, absent of showing order of dismissal and abuse of discretion, there is your standard. You ask what has been tackled by the Sixth Circuit. It says, as in Carly Hill, as in Faulkner v. U.S. Department of Agriculture, that this law is served. What is condemnation? It's a good question. That's not a sufficient answer. I'm asking what would be or not be. Well, it's how is this defined in the case. It's kind of the willful actions that are intentional. So you can tell us here today, you had in previous practice that you wouldn't want it. And then here, something keeps you in to the fact we've missed filing the list of witnesses and exhibits. I assume that that thing that keeps you in that the U.S. trustee filed, it's lists of witnesses and exhibits. And at that point, I would assume that you will look at that in evidentiary period. Right. That's first deadline. Did you look at it? Yes. So then, did you see that you had a brief due two days later? I did explain earlier that the file brief, I was under the impression that it was not being filed. So, how would you be under that impression given what the order said you filed the list of witnesses and exhibits. What made the brief option? I mean, let's be clear, you were plagued with the list of witnesses and exhibits on that. And so you file a claim and you know that you clearly know that your opponent is going to file their brief. They've been on time. They're working for it's filing. The Department of Justice can't do what the rules tell them to do. So, tell me, before you're talking about the definition of condemnation conduct, generally, conduct that doesn't comply with the rules. Why didn't you just look down in the order and say, I have a brief comment. I'm going to comply with the rules. You see, I'm going to stick to the list. I didn't get the date right. I asked for these to file that. Just as I asked for you to file the trial brief. I said I did not believe the trial brief was mandatory. Sorry, I made a mistake there. You had an excusable mistake. Indeed. And by the way, you're back discussing earlier, you cited Simple Rule 62. And you likely meant to cite Simple Rule 61B. That's a simple rule that has excusable conflicting. It's only applicable when it's not done. I'll judge your honor and to say it's true. If she properly denied her dismissal, and she addressed each of the factors for the 41 dismissal, where is there an abuse of discretion? It is. If she properly removed those factors that we're talking about, the emotional violence center. You didn't raise the factors. You don't blame them. Raise the factors. You raised something for the first time on appeal. I'm not clear as to what it says. You raised something for the first time on appeal. That is correct. But you're saying I didn't raise it. I know. A couple of questions. Did the 96 trustee's second motion to dismiss cite Rule 41? I don't know. No, I didn't see it. Were you on notice from the bankruptcy court that Rule 41 was the authority upon which arguments were expected in relation to the second motion to dismiss? Next question. You mentioned Carter and its progeny. Carter made the decision in the sixth circuit. The third factor is that the dismissed party was warned that a failure to cooperate could result in dismissal. Other than the schedule order that was entered after the first trial comments, were you ever warned by the courts the failure to cooperate? Is there anything in the record that would even hint at that? To add to that point, that's exactly what all this news has discussed is the fact that after going through numerous measures to get the litigants, usually the plaintiffs, to cooperate, that adversity still did not evolve. I was not even put in that situation because I hadn't fired the court and he didn't raise the issue. Of course, U.S. trustees raised the issue, but still, fortunately, I had somebody to say, do this. I served a forward and take action. The court didn't have to say, I'm assuming your testimony at trial. It didn't ever have to warn me about anything. He didn't do anything wrong. He said, we clearly missed the deadline for the very end of the case. Consistent with discovery, I, with all the other partners, the case, professionally conducted the case until it was a couple of days of delays I would acknowledge him. I would acknowledge him. We're a little over a year. We're busy. And things do happen. I understand that, but it's not intentional. I don't flaunt the rules. We gave the court seriously. We didn't have, again, a pyramid. After the Sixth Circuit, I just can't get past the fact that it wasn't the kind of conduct anywhere close to proportional to the kind of conduct by any of these other parties. So there's no warnings, no issues, no deadlines, no deadlines missed except for the very last six deadlines. And again, the attempt to remedy it doesn't mean that we've learned anything. The party was saddened. They did not want to violate the rules. In that respect, I will be able to order discretion by not voting at that time. Also, the most severe possible sanction we can take is dismissing an actual bankruptcy case for failure to meet a deadline on the trustee's non-adventure hearing. You don't even look at the facts of the case. You don't even consider the merits. You're just going to dismiss it as if it doesn't matter. You're applying for their motion as if they weren't. Maybe if they were on a, I thought I'd write B1 and B3. Here's my query to you. If she had dismissed it as a 707A, if she so happens, why would she need to take evidence that you had filed with your three tribes and partners? I mean, this is already in the practice. Okay, so I don't believe 707A fine answers. How so? Tell me a little bit. 707A applies to abuse of agency, not abuse of what they would allow for you to file a suit. What is it, well, 707A, that gives you that much? That's, I think, 707A. That is about abuses by debtors over abuse. Abuses outside of bankruptcy but not outside of bankruptcy. Abuses to the system, not failing to file where you filed the cuts. I don't see anything in the session, but we're not here on that. What I'm asking you is, what you're saying is that this is the most strict or, you know, stringent penalty that could have been applied. I fundamentally disagree. I mean, you, I fundamentally disagree for a number of reasons. Very much. Your clients have already been given notice that they were up for evidentiary hearing of dismissal. I mean, the concept that somehow having complied with the evidentiary hearing order and dismissal of the case is, through that means, is much more detrimental to your clients. It's a little confusing. If we're looking at the merits of the case or you're looking at extra cases for default that would basically be the same. You're looking at a default scenario where you're going to just give rubber stamp the dismissal because of a failure as you file the witness or exhibitant statement. And that's what this is, that's what this is adding. This is the default judgment in that scenario. They did comply. They were present. They did file their response and motion. Your concept of it, they would have taken the stand and would have been able to testify to anything, right? No boundaries, no offers, no consideration of how the pre-trial deadlines have been. Right? That's what you're saying. Well, so you have to file the brief like that. You're witness and exhibit list late. In my reading of the facts, your brief didn't even come in late. You know, that's not enough time for anybody to read anything. So what you're saying is that your clients can take the stand and testify to anything that you want them to put on it. And your opponent, regardless of who it is in this case, the U.S. Justice, he just has to, they just have to take that. I believe that the evidence can testify to anything that's relevant to the issue. You're not restricted by the trial brief facts. So there should be no penalty failing to comply with the court ruling. If the court felt there should be a penalty, it should be dismissal. If it passed, it should have been excusable to allow them to testify. And how did that come up, did it? So that proved there may be some merits. The U.S. Justice, not just the default judgment, that was just a default. You keep saying default. Default means there wasn't an answer. That it's not. Well, that's what you're saying. No, I'm not saying anything about a default. Default comes in a complaint. This isn't a complaint. This is a motion to dismiss. It's entirely different thing. But it's an answer to the question. So it's not a default judgment. I agree, but it's the same result. It actually is, right? And default means there was no answer. Sure. Legally, fundamentally, that's not a merit. It's a decision otherwise set out in the merits. That's what I'm saying. It's all judgment. Most dismissals and bankruptcy are not on the merits, right? Most of the cases we dismiss are for a failure of some form of a debt. Failure to file schedules. Failure to file their financial management. Usually that means a closure of a case without discharge. But it amounts to the same result. So, again, I'm trying to figure this out. What you're saying is you don't have to comply with a court order and there is no bad outcome either. I am not saying that I don't have to comply with a court order. I'm not in any way, shape, or form to comply with a court order. I just say that I don't have to comply with a court order. One day, I realized that it probably wasn't difficult. My wife's, my, or someone else's intentional non-legal rules. I 100% agree with SERS. In no way, shape, or form should it be taken. That's what my intent was. It's insane. That's what it was. But the reality is that taken away is what it's taken for. I think the judge took away the take. When I say I'm embarrassed, this is a motion dismissed in regard to factual issues. There are testimonies of what really happened. Now, their lawyer filed a trial for reprobate. It was dismissed. They erased it. Which is exactly the same as the United States Trustees List. You want to say it was prejudiced by APNP, but not much. What was the prejudice? That they didn't know that I was calling the two debtors? What was the prejudice? That they didn't know that the debtors who had already testified in their deposition were going to say that they couldn't afford to the standards of living based on their income. There's no surprise here. There's no shock. There's no prejudice. And I get that, okay, maybe the trial court does need a roadmap, but this is a roadmap that it's like we travel this road with a bankruptcy practitioner every day. Unfortunately, it's the same road. We're always arguing the same basic things. In this case, the man who found a job after being out of work struggled. That's why the U.S. Trustees decided to sue him. The facts they had reached were heard, but that that was the reality. He found work after his age. His age was five. I guess that's the visible sink to the pan. But, of course, the bankruptcy court didn't hear that. It wasn't considered. The bankruptcy court only looked at the fact that they probably solicited a list of about a day or so that he even denied the motion for leave. It should sell out the factors why it shouldn't be denied, which gave a much longer explanation as to why it was up because that's what that was doing. He had denied it. My assumption is that we're out of time. We'll see some updates that failed to comply with a clear scheduled order for evidence of an official hearing and plainly warned an official as a consequence of failure to comply. As recognized by the bankruptcy court, a scheduling order is not a frivolous piece of paper entirely entered into a vocabulary we disregard by counsel. Scheduling orders are critical in moving cases to a just outcome in an efficient manner and to accomplish this end, deadlines must have teeth and must be enforced by the courts. Courts have broad discretion to manage the conduct of applicants before them and enforce their orders. Here, the bankruptcy court acted well within that broad discretion by the system. In this case, it would be it because, I'm sorry for the pronunciation, without prejudice, we'll have to re-file that case. The court issued a detailed opinion that considered all the factors relevant for a dismissal failure to comply with a court order. Paul, please provide. Would you recommend we dismiss this and move on from here? No, the United States trustee filed a new court requirement that the context feel that this is not a great fit as we agree that they have been fined as a simulated plaintiff and defendant. But if you look at it in the overall context of this case, the petitioner, they want their case to move forward. We could almost dismiss their case. So, as the petitioner, they want bankruptcy relief and it just matters that they are the one driving the litigation and they're the ones that need to comply or get that bankruptcy relief. But how would you as trustee that would dismiss this case based on the second motion? If you're saying a motion, you'll agree to sign as to the hearing. Yes, as to the authority of the court to dismiss the case, it was silent. And I would say any time a court dismisses a case, the standards are the same. Four-factor test for dismissal, whether it's a bail to file a court order, bail to end discovery under Rule 37, same four-factor test applies. Or whether it's the court's inherent authority to manage and stop and dismiss the case. And so, I actually brought a case that I found last night that I think is helpful. It's Bowles v. City of Cleveland, 129 Federal Penis 239. And on the Rule 41 issue, I think the important point is, so this was a regular civil case meant to be a pre-action. And in the underlying dismissal, the district court did not specify that precise civil rule or other basis for the sanction was the case. Did you provide a copy of this decision in advance to Apollos-Tolstoy? No. Is it cited anymore? No, sir. But it's just in the general law of this circuit. I think it's a fair reading. But anyway, the court said, there's no specific reason or authority for dismissal. And the 630 said, regardless of the basis for the district court's dismissal, the analysis of the individual is irreducible to a single standard, which is the four-factor test the bankruptcy court relied on here. So whether it was the authority under Rule 41, 707A clause that Judge Merrill identified or its inherent authority to manage its docket, the same four-factor analysis would apply. And the bankruptcy court wrote a detailed decision explaining her findings for why that test applied and why dismissal was appropriate here. I don't think we've reviewed Judge Cook's decision to deny the stature of verdict with her one-word file. The court can look at her opinion on four-factor dismissal. It's a usable neglect standard. It's not identical. I will concede that. However, it involves prejudice, the reason for the failure, and whether it had an effect on judicial proceedings. And so all those same factors similarly fit the analysis she gave. The findings on the dismissal factors would equally lead to a conclusion that there was no usable neglect here. And that my voting counsel identified that it's his mistake. And the mistake by itself is not sufficient. That's neglect. But whether that's excusable is sort of a different standard and it's a sliding scale of, you know, it's a very fact-intensive scale. What was your excuse? Was there some confusion with the court's order that it more likely to be excusable? Was there some extreme external circumstances that caused your delay that you could point to? Clearly, there was nothing. There was no reason, other than the fact that you carefully read the order. And on that, most courts are unlikely to find that excusable. So I think she had plenty of facts in front of her. The record is clear. It admitted its motion for leave, that it was just a mistake. So the fact that she did not articulate her reasons for denying the leave file, I don't think it's anything that failed her to assess it. So should I? Is there a question about the four factors under Rule 41b of the sub-circuit as subordinate order agencies? One of the factors is the failure to do the willfulness that they proposed. I assume that you are relying on falsehood.  Does the U.S. trustee believe that it was the debtors who were at fault? I will admit that the bankers support supporters should have complimented the witness and said it wasn't his fault but the debtors were at fault. That's right. This is at page 9 of the bankers support supporters report. It's at the bottom of that page. Is there a finding of fact made by the bankruptcy court anywhere in the record based on something the debtors have done that they were at fault as opposed to their attorney? You're in a position, I understand, of essentially backing up the order here but I do appreciate your perspective, the U.S. trustee's perspective who was at fault here because that is such an important factor according to the Sixth Circuit. Yes. I don't have any doubt that they were relying on their counsel but I would point to the Sixth Circuit and the Supreme Court where the litigant is responsible for the counsel they choose. So if there is fault and the attorney does, that goes to the debtors. The Sixth Circuit has said in its decisions dealing with Rule 41B specifically, it generally attributes any malfeasance or neglect and imputes it upon the client based on the actions or inactions of the attorney. But here it's different. The Circuit has clearly said that we are to very carefully consider who is at fault and when an attorney is at fault and in most circumstances, I'm not going to say it's per se because the Circuit is very careful how to say it, but in most circumstances the attorney at fault should not be treated to the debtors. And I just, I want to know why the banks decided it was the debtors who were at fault. Yes. I would like to know that as well, Your Honor. I can't point to anything specifically that they were driving the decision not to file the trial report. They read it and said don't file it. Nothing like that. But you're right. The Sixth Circuit, there's no per se rule. And there is a little bit of a, we recognize the Supreme Court said,  litigants are responsible for the counsel. We still kind of look at it a little bit more carefully when it's purely a counsel's mistake. And so that's why when we're looking at factors, I think that this Court should, I want to start with the lesser sanction factor because the Sixth Circuit has also said when dismissal without prejudice isn't sanctioned, which in this case it is because it's a bankers case and when a bankers case is dismissed, the default rule is it's without prejudice to refile your claim. They didn't lose rights. They could still file a bankers case. They could file for Chapter 7 if the facts are as Mr. Van Ness and his clients suggest, they're eligible for Chapter 7 even with an increased income. They could have filed the next day and we're going to have this fight in the case with a penalty though because of 362 C. Yes, they would have a 30-day, but they would only have a 30-day automatic stay. That is true. And they would have had to have demonstrated by fair and convincing evidence that the automatic stay should remain after the 30-day period. Correct. So there is a difference then between the current case, the one that this appeal is based on and a new case. Correct. Well, at this point, that has moved. I mean, it's been more than years. So, and then further, the automatic dismissal without prejudice to the 108-day bar is the discipline for civil conduct, which is also balanced. So there is no bar that we're filing today. And maybe it works. To judge the question, 362 requires showing the change of circumstances. When you start with Mr. Van Ness and you have petitions filed, and there's one circumstance in labor, their defense to the motion was that he obtained a new employment, that the circumstances, the changing circumstances, he should show a clear evidence that the second case had been filed, was filed with a bank. Would you have opposed? We would not have opposed by the re-filing of the case. We would have, I mean, the case is just the office would have evaluated it as a new trial for a second case. Now, as they come to have this, or have this scheduled as their expenses, does that create budgetary services for those sub-users? You know, based on what they have, I'm sorry, it would be most likely the same objection. But, would we have opposed extending the automatic stay? I don't know. Would we have opposed that? I don't know that either, but it's not a sanction that the case law talks about, where we're talking about a civil case, where you brought claims, that may be in a statute of limitations or expired on the basis of a specific prejudice. That is an adjudication on the merits of those underlying claims. There's nothing about this dismissal, this is an adjudication of anything on the merits, whether they should be in chapter 7 or not. And so, with that in mind, that was the lesser sanction. Prejudice here was lesser sanction. Was the U.S. trustee prepared to move forward with its case in chief on the date scheduled for trial? I believe our trial jury would have been prepared, as would any trial jury. Would they have been as well prepared as the trial jury's been filed on time? And they didn't have to file a motion to dismiss in the middle of their preparation for the hearing? I don't think they would have been as well prepared. What about some lesser sanctions, so that the U.S. trustee could have, perhaps, moved forward with its case in chief, satisfied its burden, bankruptcy court could have deprived the debtors of the opportunity to call any witnesses, thereby introducing the evidence, the documentary nature, and the case in chief would be eviscerated. That would be one lesser sanction? Yes. And the other lesser sanction might be to simply adjourn the trial, but require some sort of compensatory sanction from the debtors due to the delay, or the debtors' attorney, because I believe the court has the option of one or the other, or both. Yes. Those would have been lesser sanctions. That would be alternate. What we requested was to find a favorable basis for state law and facts. We didn't request any monetary sanctions. Maybe that is a more, when they re-file, maybe that's a more worse sanction, or less favorable. But other than that, so, so those lack standard, and that applies to how much fault there was that's really the confirmation of conduct that's repeated and aggressive over the course of the case. It maybe doesn't meet that in line with all the case law, but those cases we're talking about where they've lost the right to bring that claim forever. And that's just simply not the case here. So what we would prejudice as per the law. And here, it wasn't the scheduling order where the hearing was two weeks away. It was the night before the hearing. Is there a pattern in this conduct by the debtors or their attorneys in this case? No, there's no particular pattern in this conduct. Is there any reason why the scheduling would have stated that a dismissal may occur in the event that the scheduling order was not to be applied? In other words, what triggered that provision in the scheduling order? Did something happen earlier in this bankruptcy case, including with respect to the U.S. Justice motion, that would have caused the bankruptcy court to include what appears to be a boilerplate? Well, it wasn't a standing order. It wasn't boilerplate in that this was specific to this case, to this evidentiary hearing. It was entered after a status conference to set the deadlines. Did anything happen at that status conference that would cause that threat to be included within the scheduling? No. It was languished for compliance with that scheduling order. Well, I like to say we're going to be subject to dismissal. There was an indication later in the case that court identified in its opinion where letters were more time for scope. The United States trustee did not oppose that, but they asked that given the discovery would end closer to the hearing, we would like a continuance of the hearing. And at that status conference, the court did indicate, I'm going to give them an extension, but I don't want to move the hearing. I think these things should zoom quickly and be resolved. So there was some indication that the court was not going to tolerate delays. And there was warnings from, you know, normally there might be orders for cause, but we filed a motion for administrative, we filed a motion to dismiss, they had the opportunity to respond to that. The hearing that did occur was argued on whether the case should be dismissed. And so there was an opportunity of warning here that this may be a consequence. The scheduling conference was the issue of briefing. Status at all, or did it just suddenly show up in the scheduling lawyer? I don't know anything about it. The scheduling lawyer itself was clear that the result from that status conference, but I'm not sure I have transcripts of all that. So, I seem to have over my time. So I'll just conclude with no use of discretion here. This is the broad discretion to manage the court's docket. She could analyze all four factors for dismissal. And findings on that are not clearly erroneous. I ask the court to count. Thank you. Thank you. Thank you. Thank you.   The committee and several of you are called in on B2B. I did put back a brief on that issue on the 6B to 6B1B issue. I did set out the four factors that are necessary. Did you argue excusable neglect or the correct quote that refers to excusable neglect to the magnate? I didn't mention the word excusable neglect. Did you refer to a rule that uses excusable neglect as the standard? If I'm wrong, I'm going to section over that. Pointed that out to me. Your argument was about convergence of the same. That was the substance of your argument in your extension motion, wasn't it? Yes. And it's different than excusable neglect, isn't it? It's an amnesty. It's an amnesty. I mean, it's usually the same. Don't say that those are distinct. So you're saying the cases don't say excusable neglect. It's the same term, near inference and the same. It is distinct. But it also would be these types of factors would be considered as excusable neglect. The danger of prejudice is a non-moving part. The length of the delay has potential impact on the judicial procedure. Did you argue those elements or those factors to the effect of support for you? What did the court decide? You didn't raise them to the court. I did raise the fact system, which I believe knows the answer to all those issues. So should the U.S. trustee not have gotten an opportunity to respond? I mean, if you don't lay out the facts. The judge decided to hold me back there. The judge also decided to not allow me statutory time to respond to the question that the Smith decided to take argument at the hearing. So the second one, the Smiths are supposed to be 14 days notice. I didn't get that. It's not in my briefs. But the judge said, were that to be heard in the love of the 14-day notice. And if you're not hearing 14-day notice of motion. So there's another federal rule system. It has to be 14 days notice of motion. Or do we have to require a judge? I've been retrying to do it. It's not exactly, it's not workable when you have something coming up in less than two weeks. I agree that it has to reduce time. But nonetheless, I wasn't given the chance to decide if I needed it. I'm not an issue. Or are we required at the end of the day that we need to report on the evidence?  Well, I think we're out of time. Yeah. Thank you for an excellent jury. Thank you.